## Medical Attention for Incompetents

MARGIOTTI, Attorney General, November 12, 1937.—This will acknowledge receipt of your letter of November 8, 1937, in which you desire to have a formal opinion as to the responsibility of furnishing medical attention to dependent parties throughout the Commonwealth of Pennsylvania. In other words, whether this responsibility rests with the Department of Public Assistance of Pennsylvania, or whether, under the law, it is imposed upon the county institutional districts and the departments of welfare in cities of the first and second classes.

Section 102 of the County Institution District Law of June 24, 1937, P. L. 2017, reads, in part, as follows:

" 'Dependent' means an indigent person requiring public care because of physical or mental infirmity."

Section 406 of the County Institution District Law contains the following language:

"Contributions for Medical Care.—The commissioners of each county and the city council of each city of the first and second classes shall have the power to make annual appropriations from the funds of the institution district or of the city for the support of any public institution operated, or to any nonprofit corporation organized, to give medical care to the dependents and children of the county or of the city without discrimination as to membership in any organization or as to race or sect."

Section 2 of the Public Assistance Law of June 24, 1937, P. L. 2051, reads as follows:

" 'Assistance' means assistance in money, goods, shelter, service or burial, provided from or with State or Federal funds, for indigent persons who reside in Pennsylvania and need assistance to enable them to maintain for themselves and their dependents a decent and health-

ful standard of living, and for indigent, homeless or transient persons."

Political economists long before the adoption of the Act of 1937 had been advocating the abolition of almshouses throughout the Nation, the thought being that only indigents physically or mentally ill should be committed to hospitals, where such unfortunates could be better maintained: that all other indigents should remain in private homes, rather than suffer the odiom of terminating the closing years of their lives in an almshouse.

Section 102 of the County Institution District Law, by virtue of the definition of "dependent", imposes upon departments of welfare of cities of the first and second classes and county institutional districts the responsibility of furnishing medical attention to indigent persons requiring public care because of physical or mental infirmity.

Section 406 of the act reposes in the city council of cities of the first and second classes and in the board of county commissioners of each county the power to make appropriations from the funds of the institutional district or of the city for the support of any public institution operated, or to any nonprofit corporation organized, to give medical care to the dependents and children of the county or of the city, without discrimination as to membership in any organization or as to race or sect.

Section 2 of the Public Assistance Law, in defining the word "assistance", refers to money, goods, shelter or services from State or Federal funds for indigent persons to enable them to maintain for themselves and their dependents a decent and healthful standard of living. This assistance may be looked upon and construed to mean that ample aid will be extended to those in good physical and mental condition who are in need of everything essential to the maintenance of those sound in body and mind, but who are unable through themselves or those legally responsible for their proper maintenance to provide for such services.

Since there is nothing in the law imposing responsibility on the Department of Public Assistance to furnish medical attention to dependents, and since the institutional districts of the Commonwealth of Pennsylvania and the departments of welfare of cities of the first and second classes have imposed upon them the responsibility of caring for those physically or mentally infirm, and since the institutional districts and the departments of welfare of cities of the first and second classes are permitted to make appropriations to institutions who will give medical care for the indigent children and other dependents of their particular district, it seems clear that the General Assembly intended to place the responsibility of medical attention upon the institutional districts and the departments of welfare of cities of the first and second classes. If the General Assembly of the Commonwealth of Pennsylvania had intended any other plan it would have been very simple to indicate its intention in unmistakable language.

You are, therefore, advised that the responsibility of furnishing medical attention to dependents in the Commonwealth of Pennsylvania rests upon the institutional districts of our Commonwealth and the departments of welfare in cities of the first and second classes, and does not rest upon the Department of Public Assistance of the Commonwealth of Pennsylvania.